UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID ROACH and MICHAEL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:14-cv-1196-SEB-DKL |
| ) | |
| PEGGY Q. LOHORN, et. al, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motions to Dismiss
and Directing Entry of Final Judgment**

Plaintiffs David Roach and Michael Jones bring this action alleging that the defendants have violated a number of their rights. It appears the gist of the lawsuit is that the plaintiffs wish to be free of the burden of paying court-ordered child support for their children. The defendants have moved to dismiss and the plaintiffs have responded through their motion for order dismissing all defendants' motions for dismissal.

**I. Motion to Dismiss Standard**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,*

550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

In addition to the motions to dismiss, the complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2). This statute requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and

service . . . ." *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003)(citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)).

## II. Discussion

The defendants have all moved to dismiss. Each defendant's motion will be discussed in turn.

A. *State of Indiana*

The State of Indiana moves to dismiss all claims against it based on its Eleventh Amendment sovereign immunity. "The Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment." *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Sovereign immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital*, 465 U.S. 89, 102 (1984) (citing *Cory v. White*, 457 U.S. 85, 91 (1982)). Because the State of Indiana is immune from relief, the plaintiff's claims against it must be dismissed. Similarly, any claim against defendants Sarver, Hall, Ault, and Lohorn in their official capacities must be dismissed for the same reason. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

B. *Defendants Sarver, Hall, Ault, and Lohorn*

Defendants Sarver, Hault, Ault, and Lohorn also move for dismissal of the claims against them in their individual capacities. The plaintiffs allege that defendant Sarver is a prosecutor somehow involved in this matter, although the complaint fails to identify any clear factual allegations as to his involvement. Defendants Hall, Ault, and Lohorn are identified as Judges under

the Named Parties section of the complaint. The injuries complained of involve actions taken by the defendants during a state court proceeding. For example, the plaintiffs appear to assert that Roach was jailed and had his license suspended "[a]s a direct result of the child support statutes or actions derived from actions taken against Plaintiff Roach" and that Jones "has been ordered to pay support by Judge Hall" and "was told he could make no constitutional argument while in judge Ault's court room."

A prosecutor is absolutely immune from civil liability based on performance of the prosecutorial function, i.e., initiating criminal charges and serving as an advocate in judicial proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). This immunity extends to prosecutors when they act in a quasi-judicial capacity by determining what charges to bring against an individual and by initiating a prosecution. *See Anderson v. Simon,* 217 F.3d 472, 475 (7th Cir. 2000); *Spiegel v. Rabinovitz,* 121 F.3d 251, 256-57 (7th Cir. 1997). This absolute immunity "shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford,* 832 F.2d 895 (5th Cir. 1987). Any action alleged in the complaint is a core function of a prosecuting attorney and is protected by prosecutorial immunity.

The plaintiffs' claims against Judges Hall, Ault and Lohorn are based on actions taken during the state court proceedings. These claims are therefore barred by these defendants' absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). The immunity is overcome only where the judge's acts (1) were not taken in the judge's judicial capacity (*i.e.*, were non-judicial acts) or (2) were taken in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991). The plaintiffs' claims do not fall within either of these exceptions. Accordingly, all claims against Prosecutor Sarver, and Judges Hault, Ault, and Lohorn must be dismissed.

C. *City of Crawfordsville and Crawfordsville City Police*

The City of Crawfordsville and the Crawfordsville City Police move to dismiss the claims against them for failure to state a claim upon which relief can be granted. The complaint makes only vague allegations against these defendants stating: "City and County Police's claim of their right to confiscate Plaintiff David Roach's automobiles during traffic stops as a result of the fore [sic] mentioned license suspension. The question here was [sic] could they impound my automobile without due process of law?"

The City of Crawfordsville argues that this vague allegation is insufficient to state a claim for relief against this defendant. Here, the plaintiffs' allegations against the City of Crawfordsville are insufficient to state a claim for relief. In response to the motion to dismiss, the plaintiff's state: "there were a total of seven or so automobiles impounded in such a fashion, illegally by both city and county officers. It was also clearly stated this was done during quote unquote traffic stops . . . ." These vague statements still do not raise a claim for relief against the City of Crawfordsville. Further, although a municipality is a "person" subject to suit under § 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91. The plaintiffs have not sufficiently alleged a municipal policy or custom concerning any constitutional violations. Thus, for this reason also, they have failed to raise a claim upon which relief can be granted as to the City of Crawfordsville.

The Crawfordsville Police Department moves to dismiss because it is not a suable entity. It is true that, under Indiana law, municipal police departments "are not suable entities." See *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). The City of Crawfordsville Police Department is not a "person" subject to suit under 42 U.S.C. § 1983. *Jones v. Bowman,* 694 F.Supp.

538, 544 (N.D.Ind. 1988)(citing *Boren By & Through Boren v. City of Colorado Springs*, 624 F.Supp. 474 (D.Colo. 1985)). Any claim against it is dismissed as legally insufficient.

      D. *Montgomery County and Montgomery County Police*

Defendants Montgomery County and Montgomery County Police also move to dismiss the plaintiffs' claims for failure to state a claim. Like the City of Crawfordsville, these defendants argue that the complaint fails to sufficiently allege a plausible claim for relief against them. The plaintiffs have failed to state a plausible claim for relief against Montgomery County and the Montgomery County Police. The only mention of Montgomery County in the complaint is "by law all offices of Montgomery County are vacant and plaintiffs could not be bound by any order made by defendants." This statement is insufficient to state a claim for relief against Montgomery County or the Montgomery County Police because it does not allege any wrongdoing by these defendants related to the claims in the case. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *see also Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

Further, although as a municipality Montgomery County is a "person" subject to suit under § 1983, it can be held liable under § 1983 only if it has adopted a "policy or custom" that resulted in the deprivation of the plaintiffs' constitutional rights. *Bennett v. Roberts*, 295 F.3d 687, 699 (7th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The plaintiff have not sufficiently alleged such a policy or custom here. The same holds true for the Montgomery County

6

Police Department. The plaintiffs have not sufficiently alleged a "policy or custom" on the part of this defendant to render it liable for any of the plaintiffs' claims.

### III. Conclusion

For the foregoing reasons, the motions to dismiss filed by County of Montgomery and Montgomery County Police [dkt 31], City of Crawfordsville and Crawfordsville City Police [dkt 35], and David A. Ault, Robert M. Hall, Peggy Q. Lohorn, Thomas Sarver, and State of Indiana [dkt 39] are each **granted**. The motion for order dismissing all defendants' motions for dismissal [dkt 44] is **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   03/31/2015

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David Roach
20 Center Drive
Crawfordsville, IN 47933

Michael Jones
3550 North 400 West
Crawfordsville, IN 47933

All electronically registered counsel